# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**LEON JEFFREY NICELY, JR.,**

      **Petitioner,**

**v.**                               **Case No. 5:17cv255-MCR/CAS**

**FLORIDA DEPARTMENT OF
CORRECTIONS,**

      **Respondent.**

_____/

## REPORT AND RECOMMENDATION

In an order filed October 6, 2017, Petitioner Leon Jeffrey Nicely, Jr.,

was directed to either pay the $5.00 filing fee or, alternatively, file a motion

to proceed in forma pauperis (IFP) on or before November 6, 2017.   ECF

No. 3.   That same order also directed Petitioner to file an amended § 2254

petition on or before November 6, 2017.   *See id.*   Petitioner objected to

the order, ECF No. 4, and the district judge overruled the objection, ECF

No. 6.

Petitioner then filed a Motion to Transfer Case With All Files From the

Middle District.   ECF No. 5.   In an order filed October 18, 2017, this Court

denied the Motion to Transfer and reminded Petitioner that, in accordance

with the Court's previous order, Petitioner needed to either file an IFP

motion or pay the $5.00 filing fee on or before November 6, 2017, and also

submit an amended § 2254 petition.   ECF No. 7.   Petitioner has not

complied with the Court's order, although Petitioner has since filed a Motion

for Injunctive Relief, ECF No. 8.   This Court specifically warned Petitioner

that a recommendation of dismissal would be made if Petitioner did not

comply with the Court's order as instructed.   ECF No. 7 at 3; ECF No. 3 at

3.

A trial court has inherent power to dismiss a case sua sponte for

failure to prosecute.   Link v. Wabash R.R., 370 U.S. 626 (1962).   Federal

Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action

for failure to obey a court order.   Moon v. Newsome, 863 F.2d 835, 838

and cases cited (11th Cir. 1989).   Because Petitioner did not comply with

an order, this petition should be dismissed without prejudice.

Petitioner shall have a 14-day period after service of this report and

recommendation in which to file objections.   This will also afford Petitioner

a final opportunity to show good cause for this failure to respond.

Petitioner may do so by filing a motion for reconsideration which will be

Case No. 5:17cv255-MCR/CAS

referred to me by the Clerk.

It is therefore, respectfully **RECOMMENDED** that this case be

**DISMISSED without prejudice.**

**IN CHAMBERS** at Tallahassee, Florida, on December 5, 2017.

> **S/ Charles A. Stampelos**
> **CHARLES A. STAMPELOS**
> **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.**